IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:02CR3166 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DAGOBERTO SERVERO | ) | |
| CEDANO-MEDINA, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion under 28 U.S.C. § 2255 challenging his sentence. (Filing 73.) After initial review,[1] I will deny the motion because it is not meritorious. Briefly, my reasons for this decision are set forth below.

## *I. BACKGROUND*

Dagoberto Servero Cedano-Medina (Cedano), while reserving the right to appeal from the denial of his motion to suppress, entered a conditional plea of guilty to possessing with intent to deliver 50 grams or more of cocaine. I sentenced Cedano to 108 months in prison. His conviction was affirmed on appeal on April 30, 2004.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Cedano filed the pending § 2255 motion in July 2005, claiming ineffective assistance of counsel. In particular, Cedano claims that:

> Counsel failed to dispute the petitioner's criminal history category which was predicated on dismissed charges. By allowing the petitioner to be sentenced under Category III, as opposed to his correct Category of I, the district court erroneously increased his sentence by twenty-one (21) months. (See attached exhibits)

(Filing 73, p. 5.) Two exhibits are attached to the motion: (1) a letter from the police department in Azusa, California, regarding Cedano's arrest on December 13, 1995, and stating that "records indicate that the Azusa Police Department entered an 849(b)(1) as the final disposition . . . [which] indicates that the case was dropped for insufficient evidence, and not filed with the District Attorney's Office[,]" and (2) a "certificate of release" from the Azusa Police Department which indicates that Cedano was detained on February 11, 1996, and released on the same date pursuant to penal code section 849(b)(1). (Filing 75, pp. 7-8.)

## II. ANALYSIS

Before Cedano can obtain relief on his ineffective assistance of counsel claim, he must show two things: (1) that the lawyer's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. Engelen v. United States, 68 F.3d 238, 240, 241 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). "The court need not address both components if the movant makes an insufficient showing on one of the prongs." Id. No evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id.

Cedano's criminal history category was based on three prior convictions that stemmed from arrests occurring: (1) on November 3, 1989, in San Diego, California; (2) on July 15, 1994, in Citrus, California; and (3) on April 20, 1997, in Citrus, California. (Revised presentence investigation report (filing 50), ¶¶ 45, 46, 48.)[2] No arrest or detention taking place in Azusa, California, was a factor in determining Cedano's criminal history category.[3]

Because the court file clearly establishes that the alleged sentencing error did not occur,

IT IS ORDERED that the defendant's § 2255 motion (filing 73) is denied on the merits. Judgment will be entered by separate document.

August 31, 2005.                         BY THE COURT:

                                         *s/Richard G. Kopf*
                                         United States District Judge

---

[2] In written objections to the presentence report, Cedano's counsel noted that the third conviction was not documented by certified court records but made no objection because Cedano's criminal history category would not change even if such conviction was not counted.

[3] The presentence report does indicate, however, that Cedano was arrested in Azusa, California, on February 13, 1995, on a charge of purchasing cocaine base for sale, and also on February 11, 1996, on a charge of possessing an explosive device in public; that the disposition of the first charge was not known; and that the second charge was dismissed for insufficient evidence. (Filing 50, ¶¶ 54, 55.)